UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOHN M. FITZAK,

                    Plaintiff,

            v.                                              21-CV-298-LJV
                                                            ORDER
ANTHONY J. ANNUCCI, *et al.*,

                    Defendants.

_____

On February 25, 2021, the *pro se* plaintiff, John M. Fitzak, commenced this

action under 42 U.S.C. § 1983 and the New York Labor Law ("Labor Law").  Docket

Item 1.  On June 21, 2021, the defendants moved to dismiss the complaint under

Federal Rules of Civil Procedure 12(b)(1) and (6), Docket Item 6; on July 12, 2021,

Fitzak responded, Docket Item 8; on July 27, 2021, the defendants replied, Docket Item

9; and on August 18, 2021, Fitzak moved for leave to file a surresponse, Docket Item

10.

Fitzak's motion for leave to file a surresponse is granted, and the Court accepts

his surresponse.  For the following reasons, the defendants' motion to dismiss is

granted in part, and the remainder of the motion will be granted unless Fitzak amends

his complaint to correct the deficiencies noted below.

## **FACTUAL BACKGROUND**

Fitzak has sued Anthony J. Annucci, Commissioner of the New York Department

of Corrections and Community Supervision ("DOCCS"); Jason D. Effman, Associate

Commissioner of DOCCS; and James O'Gorman, Deputy Commissioner of DOCCS, for violations of his First and Fourteenth Amendment rights as well as under section 215 of the Labor Law.  *See* Docket Item 1.  The complaint tells a short and simple story.[1]

Fitzak is a DOCCS employee.  *See id.* at 4.  On March 2, 2018, the defendants "conspired to reprimand [Fitzak] by suspending [him] without pay" and by "threatening to issue a Notice of Discipline for alleged statements" that Fitzak made during a "confidential PREA [Prison Rape Elimination Act] Audit interview conducted" the previous day.  *Id.* at 4.  "This conduct was deliberately initiated within 24 hou[]rs of th[e PREA] interview without any regard to [Fitzak's] . . . First Amendment [r]ight to [f]ree [s]peech[ or his] Fourteenth Amendment [r]ight to [d]ue [p]rocess."  *Id.*  Indeed, it was done only to "maintain" the defendants' "reputation and credibility" with the "US Department of Justice and the Auditor."  *Id.*  The defendants also "authorized the issuance of [] [f]ormal [c]ounseling and mandated additional PREA training . . . in violation of the US Constitution and [the] Labor Law."  *Id.*

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must include sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1] On a motion to dismiss, the Court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff."  *Trustees of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016) (citing *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 179 (2d Cir. 2014)).

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## DISCUSSION

### I.   SECTION 1983 CLAIMS

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against a defendant under section 1983, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (citing *Iqbal*, 556 U.S. at 676). It is not enough to assert that the defendant is a "link[] in the prison['s] chain of command." *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a section 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). Instead, "[t]he violation must be established against the supervisory official directly." *Tangreti*, 983 F.3d at 618.

### A.   Official-Capacity Claims

"The Eleventh Amendment precludes suits against states unless the state expressly waives its immunity or Congress abrogates that immunity."  *Li v. Lorenzo*, 712 F. App'x 21, 22 (2d Cir. 2017) (summary order) (citing *CSX Transp., Inc. v. N.Y. State Office of Real Prop. Servs.*, 306 F.3d 87, 94-95 (2d Cir. 2002)).  A claim for money damages under section 1983 against a state official in his or her official capacity "is in effect a claim against the governmental entity itself."  *Lore v. City of Syracuse*, 670 F.3d 127, 164 (2d Cir. 2012) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)).  Because "New York has not waived its immunity, nor has Congress abrogated it," *Li*, 712 F. App'x at 22 (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990)), the Eleventh Amendment bars official-capacity suits for money damages against New York State and its officials in their official capacities, *see Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Fitzak has sued all defendants under section 1983 for money damages explicitly in their official capacities.  *See* Docket Item 1 at 4 ("The defendants, again while still acting in their official capacit[ies] . . . ").  For the reasons just stated, the official-capacity claims for money damages are barred by the Eleventh Amendment and are dismissed with prejudice.

### B.   Individual-Capacity Claims

Although Fitzak did not name the defendants in their individual capacities in the original complaint, *see* Docket Item 1, he argues in the surresponse that that "[t]he Eleventh Amendment does not forbid suing [s]tate [o]fficials for damages in their

4

individual capacit[ies]," Docket Item 10 at 4.  He also says that he "has full rights under the [l]aw to seek relief in [f]ederal [c]ourt for the Constitutional [v]iolations by [s]tate employees in their personal capacities."  *Id.* at 5.  Therefore, the Court construes Fitzak's surresponse as a motion to amend the complaint to name the defendants in their individual capacities, *see Triestman v. Fed. Bur. of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest), and that motion is granted.

### 1.    Freedom of Speech Claims (First Amendment)

The complaint, as written, does not state a viable claim for freedom of speech violations.  "When acting as an employer, 'the State has interests . . . in regulating the speech of its employees that differ significantly from those it possesses in connection with regulation of the speech of the citizenry in general.'"  *Piscottano v. Murphy*, 511 F.3d 247, 268-69 (2d Cir. 2007) (alternation in original) (quoting *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968)).  Nevertheless, public employees do not "'relinquish the First Amendment rights they would otherwise enjoy as citizens to comment on matters of public interest in connection with the [government's] operation'" when they "merely . . . accept[] public employment."  *Id.* at 269 (first alternation in original) (quoting *Pickering*, 391 U.S. at 568).  Accordingly,

> [t]he problem in any case is to arrive at a balance between the interests of the [employee], as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees.

*Pickering*, 391 U.S. at 568.  Moreover, "statements made by a public employee pursuant to his official duties, rather than as a citizen, are not protected by the First

Amendment." *Piscottano*, 511 F.3d at 269 (citing *Garcetti v. Ceballos*, 547 U.S. 410 (2006)).

Therefore, to determine whether a public employee has stated a First Amendment claim, courts ask two questions:  "(1) whether the employee's speech as a citizen was on a matter of public concern, and if so, (2) whether the employer has shown that the employee's interest in expressing himself on that matter is outweighed by injury that the speech could cause to the employer's operations."  *Id.* at 269-70 (citations omitted).  "[P]ublic concern is something that is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public at the time of publication."  *City of San Diego, Cal., v. Roe*, 543 U.S. 77, 83-84 (2004).  "If it is determined that the employee's expressive conduct as a citizen involved a matter of public concern, the government bears the burden of justifying its adverse employment action."  *Piscottano*, 511 F.3d at 271.

Here, Fitzak alleges that the defendants suspended him and threatened to issue a "Notice of Discipline" after he made certain statements in a PREA audit interview. Docket Item 1 at 4.  But Fitzak does not say what he said, so this Court cannot determine whether his speech was "on a matter of public concern."  *See Piscottano*, 511 F.3d at 269-70.  Moreover, it is not clear from the face of the complaint whether Fitzak's statements were made "pursuant to his official duties" or as a private citizen. *See id.* at 269.  And given the employment-related nature of the interview, it may well be that Fitzak's remarks were about a matter of private concern and made as part of his official duties.

Fitzak's claim therefore is subject to dismissal.  Nevertheless, and in light of his *pro se* status, Fitzak may amend the complaint to allege, if possible, facts showing that he spoke as a private citizen about matters of public concern during the PREA interview.[2]

### 2.    Retaliation Claims (First Amendment)

The complaint also does not state a viable retaliation claim.  To establish a claim for retaliation under section 1983, a plaintiff must show that (1) he engaged in constitutionally protected speech or conduct, (2) the defendants took adverse action against him, and (3) there was a causal connection between the protected speech or conduct and the adverse action.  *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009); *see also Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir. 1987) ("[A] claim for relief may be stated under section 1983 if otherwise routine administrative decisions are made in retaliation for the exercise of constitutionally protected rights.") (citing *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986 (per curiam))).  To prove the final prong, the plaintiff "bears the burden of showing . . . that the protected conduct was a substantial or motivating factor in the prison officials' decision to [take the action they did against the] plaintiff."  *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (citing *Mount Healthy Sch. Dist. v. Doyle*, 429 U.S. 274, 287 (1977)).  The plaintiff may rely on circumstantial evidence to prove causation.  *See Colon v. Coughlin*, 58 F.3d 865, 872-73 (2d Cir. 1995).

---

[2] In amending this, and any other, claim, Fitzak is reminded that liability under section 1983 may attach only upon a showing that a party was personally involved in causing the claimed injury.  *See, e.g.*, *Tangreti*, 983 F.3d at 618.

Fitzak has not alleged that his speech was constitutionally protected; indeed, this Court already has determined that the complaint, as written, does not adequately allege that Fitzak's statements were protected under the First Amendment. *See supra.* For that reason, Fitzak has not stated a viable retaliation claim. Nevertheless, and again in light of his *pro se* status, Fitzak may amend the complaint to allege, if possible, facts showing that he engaged in constitutionally-protected speech and that he suffered actionable retaliatory behavior as a result.

### 3.    Due Process Claims (Fourteenth Amendment)

The complaint also does not state a viable due process claim. "The two threshold questions in any [section] 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes and, if so, what process was due before the plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995). "A public employee has a property interest in continued employment if the employee is guaranteed continued employment absent 'just cause' for discharge." *Ciambriello v. Cty. Of Nassau*, 292 F.3d 307, 313 (2d Cir. 2002). Whether suspension implicates a property interest protected by the Fourteenth Amendment depends on factors such as the length of the suspension and the amount of pay lost. *See Thomas v. Zaharek*, 289 F. Supp. 2d 167, 176-77 (D. Conn. 2003); *see also Larsen v. Lynch*, 1998 WL 229919, at *6 (D. Conn. 1998) (finding that a public employee lacked property interest in one week suspension without pay).

"*If* a protected interest is identified, a court must then consider whether the government deprived the plaintiff of that interest without due process." *Narumanchi v.*

8

*Bd. of Tr. of Conn. State Univ.*, 850 F.2d 70, 72 (2d Cir. 1988) (emphasis in original). "[I]n most circumstances, a pre-termination or suspension hearing is required, although it may be very limited if a post-discipline hearing occurs." *Thomas*, 289 F. Supp. 2d at 177.

Here, Fitzak has not alleged facts sufficient to show that he had a property interest in his continued employment. Although Fitzak alleges that he was suspended without pay, *see* Docket Item 1 at 4, he does not specify the length of that suspension or how much pay he lost. Nor has he alleged that his employment was terminable only for cause—in other words, that he "has a property interest in [his] continued employment." *See Ciambriello*, 292 F.3d at 313. For those reasons, Fitzak has failed to state a viable due process claim, and this claim is also subject to dismissal. Nevertheless, and again in light of his *pro se* status, Fitzak may amend the complaint to allege, if possible, facts showing that he had a property interest in his continued employment and that the defendants denied him that interest without due process of law.

## II.   LABOR LAW CLAIMS

Fitzak also alleges that the defendants retaliated against him in violation of section 215 of the New York Labor Law. *See* Docket Item 1 at 4; Docket Item 10 at 3. A district court ordinarily may exercise pendent jurisdiction over state law claims derived "from [the same] common nucleus of operative fact" as federal claims. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). In New York, however, the New York Correction Law prohibits this Court from exercising jurisdiction over the sort of

claims that Fitzak raises here.  *See Heyliger v. Gebler*, 496 F. Supp. 2d 250, 252 (W.D.N.Y. 2007).

"[A] federal court cannot exercise jurisdiction over pendent state law claims over which a state court lacks jurisdiction."  *Hassell v. Fischer*, 96 F. Supp. 3d 370, 385 (S.D.N.Y. 2015), *aff'd*, 879 F.3d 41 (2d Cir. 2018).  And "New York Correction Law [section] 24 provides that New York courts lack jurisdiction over [state law] claims for money damages brought against [DOCCS] . . . officials in their personal capacities arising from conduct within the scope of their employment."  *Id.*  More specifically, New York Correction Law section 24 provides:

> No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of [DOCCS] in his personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.

N.Y. Correct. Law § 24(1).  Further, any state law claim for damages arising out of a DOCCS employee's act performed within the scope of his employment "must be brought and maintained in the [C]ourt of [C]laims as a claim against the state."  N.Y. Correct. Law § 24(2); *Baker v. Coughlin*, 77 F.3d 12, 15 (2d Cir. 1996).

The Second Circuit has held that section 24 bars federal courts from "exercising pendent jurisdiction over state law claims appended to federal claims brought pursuant to [section] 1983."  *Hassell*, 96 F. Supp. 3d at 385; *see also Ruffin v. Deperio*, 97 F. Supp. 2d 346, 355-56 (W.D.N.Y. 2000).  Therefore, while "[s]ection 24 does not bar [s]ection 1983 claims against DOCCS employees[,] . . . it does mandate that state law claims for damages for acts or omissions committed by DOCCS employees within the scope of their employment be brought exclusively in the New York Court of Claims as

claims against New York State." *DeMeo v. Koenigsmann*, 2015 WL 1283660, at *18 (S.D.N.Y. Mar. 20, 2015) (internal citation omitted).

Moreover, the "New York 'Court of Appeals has instructed that an employee will be considered within the scope of his employment so long as he is discharging his duties, no matter how irregularly, or with what disregard of instructions.'" *Heyliger*, 496 F. Supp. 2d at 253 (quoting *Ierardi v. Sisco*, 119 F.3d 183, 186 (2d Cir. 1997)). In assessing whether conduct falls within the scope of employment, courts consider

> the connection between the time, place[,] and occasion for the act; the history of the relationship between the employer and employee as spelled out in actual practice; whether the act is one commonly done by any employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated.

*Cruz v. New York*, 24 F. Supp. 3d 299, 310 (W.D.N.Y. 2014) (citation omitted).

By their very nature, Fitzak's Labor Law claims relate to actions taken by the defendants—all DOCCS officials—in the scope of their employment. This Court therefore does not have subject matter jurisdiction over those claims, and they are dismissed with prejudice.

## CONCLUSION

The motion to dismiss, Docket Item 6, is GRANTED IN PART. Fitzak's official-capacity claims for money damages and his Labor Law claims are dismissed with prejudice, and the rest of the defendants' motion to dismiss will be granted unless Fitzak amends his complaint, within 60 days, to correct the deficiencies noted above. No later than 30 days after any amended complaint is filed, the defendants may answer, move against, or otherwise respond to the amended complaint. If Fitzak does not file an

amended complaint within 60 days, then his complaint will be dismissed, and the Clerk of the Court shall close this case without further order.

SO ORDERED.

Dated:      September 22, 2021
            Buffalo, New York


                                    */s/ Lawrence J. Vilardo*
                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE